# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO.: 5:11CV95-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **Memorandum and Order** |
| $58,000.00 in UNITED STATES ) | |
| CURRENCY, and ) | |
| $800.00 in UNITED STATES ) | |
| CURRENCY, ) | |
|               Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the United States' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Title 28, United States Code, Appendix, as well as all related memoranda and exhibits. (Docs. 14, 15, 22, 27)

## I. Background

This is a civil action *in rem* pursuant to 18 U.S.C. §§ 981 and 983 and 21 U.S.C. § 881. (Verified Compl., ¶1) The defendant property is all present and future interest in $58,000.00 and $800.00 in United States currency.[1] (Verified Compl., ¶6) The property is currently being held in a custodial account of the United States Custom and Border Protection. (Verified Compl., ¶7)

The defendant property was seized by law enforcement on October 30, 2008 in connection with a traffic stop on Interstate Highway 77 in Iredell County, North Carolina. (Verified Compl., ¶8) The traffic stop resulted in the recovery of a quantity of cocaine and the

---

[1] "Civil forfeiture actions are brought against property, not people. The owner of the property may intervene to protect his interest. Because civil forfeiture is an *in rem* proceeding, the property subject to forfeiture is the defendant." United States v. 8 Gilcrease Lane, Quincy Florida 32351, 641 F.Supp.2d 1, *5 (D.D.C. 2009) (*internal citations omitted*).

arrest of the vehicle's two occupants. (Verified Compl., ¶30 / Kerkian Aff., ¶10) The driver of the vehicle (a white Dodge van) did not have a valid driver's license and had outstanding warrants for his arrest in Georgia and Florida. (Verified Compl., ¶¶8, 10, 11, 17) The only passenger was Alan A. Kerkian ("Kerkian"). (Verified Compl., ¶¶12-13) The van was registered to Elwood Company of Bath, Ohio, which is owned by Kerkian and his wife. (Verified Compl., ¶¶15,16)

In addition to cocaine, the sum of $58,000.00 was found in a plastic bag behind molding in a storage area towards the rear of the van. (Verified Compl., ¶¶21, 22) The storage area and money, left untouched upon discovery, subsequently triggered an alert by a trained drug detection canine. (Verified Compl., ¶¶24-26) Kerkian had $800.00 in a plastic bag in his pocket and volunteered that he was the owner of the $58,000.00.[2] (Verified Compl., ¶¶12, 23, 32) Kerkian also made voluntary statements that he was traveling to Florida to buy a horse and / or a boat.[3] (Verified Compl., ¶¶27-29) All charges against Kerkian, who has no prior criminal record, were later dismissed.[4] (Kerkian Aff., ¶10)

Kerkian avers that he borrowed $64,000.00 from the Claimant, Stephen Sugar ("Sugar"), to purchase a horse, that he has purchased horses on previous occasions in the State of Florida, and that cash is the preferred method of payment for an out-of-state buyer. (Kerkian Aff., ¶5) There is no written document evidencing the alleged loan. (Kerkian Aff., ¶4 / Sugar Aff., ¶6)

---

[2] Claimant does not assert an interest in the $800.00 in United States currency found on Kerkian.

[3] Statements made by the driver at the time of the stop conflicted with those made by Kerkian. The driver claimed that Kerkian was his uncle and that they were traveling to Florida to visit his sick mother. (Verified Compl., ¶14)

[4] Disposition of the driver's criminal case is not part of the instant record. (Kerkian Aff., ¶10)

According to Kerkian, he has borrowed money in the past from Claimant, confirming the agreement with a handshake. (Kerkian Aff., ¶4)

Claimant Sugar challenges forfeiture with respect to the $58,000.00. (Doc. 6 / Verified Claim) Sugar alleges that he loaned Kerkian approximately $60,000.00 by borrowing against his (Sugar's) equity line of credit. (Id.) The Government now moves for summary judgment based upon Sugar's alleged lack of constitutional and statutory standing. The Government further contends that should standing exist, Sugar cannot meet the statutory definition of "owner" for purposes of establishing himself as an "innocent owner" under 18 U.S.C. § 983(d).

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure permits the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. But the party opposing summary judgment may not rest upon mere allegations or denials, and a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50. Moreover, when the movant supports its motion for summary judgment by affidavits, the adverse party may not rest upon the mere allegations or denials of their pleading, but the adverse party's response must be supported by affidavits or as otherwise provided by Rule 56 and must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e).

Courts, in considering motions for summary judgment, view the facts and inferences in the light most favorable to the party opposing the motion. *See* Anderson, 477 U.S. at 255; Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990); Cole v. Cole, 633 F.2d 1083 (4th Cir.1980). Summary judgment is thus proper where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (*internal quotation marks omitted*).

### III. Standing To Challenge Civil Forfeiture Proceeding

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). In the context of civil forfeiture, the standing inquiry is two-fold since in order to pursue his claim, Sugar must possess both constitutional and statutory standing. *See* United States v. One-Sixth Share of James J. Bulger in All Present & Future Proceeds of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40 (1st Cir.2003). Standing doctrine as it relates to a §983(d) claimant is explained as follows:

> [A claimant] need[s] constitutional standing to proceed; that is, there must be a live case or controversy between the parties. The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' [or 'constitutional standing'] relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution. In other words, in a civil forfeiture case, ***a claimant's constitutional standing "turns upon whether the claimant has a sufficient interest in the property to create a case or controversy."*** A claimant also must demonstrate an injury by establishing either an ownership or lesser possessory interest in the property. Showing a real or imminent injury is essential to establish constitutional standing.

United States v. 8 Gilcrease Lane, Quincy Florida 32351, 641 F.Supp.2d 1 (D.D.C. 2009) (*internal citations omitted and emphasis added*).

With respect to a claimant's burden:

> [A] bare assertion of ownership of the *res*, without more, is inadequate to prove interest sufficient to establish standing ....
> Ordinarily ... a claimant is required to submit some additional evidence of ownership along with his claim in order to establish standing to contest the forfeiture .... Courts generally look to indicia of dominion and control such as possession, title, and financial stake.

United States v. Real Property Located at 5201 Woodlake Drive, 895 F.Supp. 791, 794 (M.D.N.C. 1995) (dismissing third-party claims contesting civil forfeiture on 12(b)(6) motion) (*quoting* United States v. $38,570.00 in United States Currency, 950 F.2d 1108, 1112 (5th Cir.1992)).

## IV. Discussion

The Court considers whether genuine issues of material fact exist concerning Claimant Sugar's standing to pursue his claim of interest in the $58,000.00 seized. The Court finds that no genuine issue of material fact exists. *See* Fed. R. Civ. P. 56. Persons [including fraud victims] "who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, **such victims acquire a debt against their wrongdoers**." *See* 8 Gilcrease Lane, Quincy Florida 32351, 641 F.Supp.2d at *5 and n. 2 (*citing* United States v. Agnello, 344 F.Supp.2d 360, 372 (E.D.N.Y.2004) (*emphasis provided*); United States v. BCCI Holdings (Luxembourg) S.A. (Final Order of Forfeiture and Disbursement), 69 F.Supp.2d 36, 59 (D.D.C.1999) (person who voluntarily transferred his property to defendant is no longer owner of that property; therefore, victims who transferred their property to defendant were merely unsecured creditors, not owners of forfeited property)). In this case, it is undisputed that the purported loan agreement between Sugar and Kerkian was never memorialized in any writing and was not secured by anything beyond Kerkian's alleged promise to repay. Assuming Sugar

loaned the money to Kerkian under these conditions, there is no evidence or assertion that Sugar retained "dominion or control" over the funds. Under Claimant's allegations, Kerkian – not Sugar – had title and an unfettered right to dispose of the funds. Sugar's financial stake was in Kerkian's promise to repay the funds not the money itself. Because Sugar is a mere unsecured creditor under the facts alleged in his Verified Complaint, the Court finds that he lacks constitutional standing to challenge forfeiture.[5]

Moreover, even if standing existed, Claimant Sugar cannot rely on an innocent owner defense to defeat forfeiture. "To qualify as an innocent owner, [a] claimant must prove [he] has an ownership interest *as defined in the statute*."[6] United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1014 (8th Cir. 2003) (*emphasis in original*). Under Section 983(d), "owner" refers to "a person with an ownership interest in the specific property sought to be forfeited, including a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest...." 18 U.S.C. §983(d)(6)(A). The term "owner" does **not** include "(i) a person with only a general unsecured interest in, or claim against, the property or estate of another...." 18 U.S.C. §983(d)(6)(B)(i). Thus, claimant's unsecured interest is insufficient to meet the statutory definition of "owner" under Section 983(d)(6)(B)(i).

---

[5] In other words, even if the Court were to assume that the nine (9) different checks written to Stephen Sugar personally for "cash" several months prior to the traffic stop were intended as a loan of $60,000 or $64,000 to Kerkian, *at best*, Sugar is an unsecured creditor. (Pl.'s Mem. In Supp. at 6-9) (analyzing Sugar's alleged ownership interest under North Carolina, Ohio, and federal forfeiture law).

[6] The Eighth Circuit considers the "innocent owner" question more of a merits issue: "Although many cases refer to this issue as part of the "standing" inquiry, it is in fact an element of the innocent owner's claim on the merits. When claimants have Article III standing but fail to prove an ownership interest that meets these statutory criteria, the "statement that Claimants lacked 'standing' is simply another way of stating that Claimants had failed to establish on the merits a property interest entitling them to relief." United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1014 (8th Cir.2003) (*internal citations omitted*).

In United States v. $61,483.00 in United States Currency, the claimant was found to lack constitutional standing to challenge the civil forfeiture of monies allegedly loaned to a family member. *See* United States v. $61,483.00 in United States Currency, 2003 WL 1566553 (W.D.Texas 2003). The third-party claimant had previously loaned $35,000.00 to a nephew for the purchase of a house. The nephew was subsequently convicted of transporting or attempting to transport monetary instruments of more than $10,000 from a place in the United States to and through a place outside the United States without filing a report, in violation of 31 U.S.C. §5332(a)(1). Money seized at the time of arrest, $61,483.00, was identified as forfeitable by the Government. Id., *2. The claimant-uncle was determined to be a general creditor and, consequently, was unable to assert an interest in specific assets that had been ordered forfeited. Id., *2 . More particularly, the trial court held that "unsecured creditors are expressly excluded from the [statutory] definition of "owner."" Id., *3 (*citing* 18 U.S.C. § 983(d)(2002)). The district court dismissed the claim for failure to establish a 'legal interest' in the property. Id., *2. Likewise, Sugar cannot be deemed an "innocent owner" for purposes of asserting an innocent owner defense under the statute.[7]

---

[7] Generally, the "innocent owner" defense provides:

(1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

(2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who--

(i) did not know of the conduct giving rise to forfeiture; or
(ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.

18 U.S.C. § 983(d) (2009).

Finally, while Sugar lacks standing to assert his challenge to the forfeiture of the $58,000.00, he may elect to explore the availability of a remedy under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981 *et seq*.  See <u>8 Gilcrease Lane, Quincy Florida 32351</u>, 641 F.Supp.2d at *6 (discussing potential threat to the effectiveness of federal forfeiture should persons with civil causes of action against wrongdoers be permitted to litigate their claims in forfeiture proceedings).

## V.  Order

Finding that no genuine issue of material fact exists, summary judgment is hereby **GRANTED** in favor of the United States on this issue.  Accordingly, the Verified Claim of Stephen Sugar is hereby **DISMISSED**.

Signed: July 13, 2012

Richard L. Voorhees
United States District Judge